**Clyde E. GRAVES, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–915.

United States Court of Veterans Appeals.

Jan. 30; 1996.

James W. Stanley, Jr., N. Little Rock, AR, was on the brief for the appellant.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Patricia Trujillo, Washington, DC, were on the brief for the appellee.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

HOLDAWAY, Judge:

The appellant, Clyde E. Graves, appeals an August 29, 1994, Board of Veterans' Appeals (BVA or Board) decision that found new and material evidence had not been submitted to reopen a claim for service connection of hypertension. The Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a). Counsel for the appellant has filed a brief and supplemental memorandum, and the Secretary has filed a brief and reply memorandum. For the reasons set forth below, the Court will vacate the decision of the Board and remand the matter for further proceedings consistent with this opinion.

## I. FACTS

The appellant served in the United States Marine Corps from 1955 to 1957. At the appellant's induction examination, his blood pressure reading was 144/78, and at separation his blood pressure reading was 144/90. During an examination in October 1961, the appellant had a blood pressure reading of 124/88 and reported chest pains. After a VA examination in 1979, a regional office (RO), inter alia, did not grant service connection for a hypertensive vascular disease not diagnosed until some 20 years after his service. In August 1979, the BVA found that at separation the appellant's blood pressure reading was borderline elevated, but that his heart was normal. Because the appellant had normal blood pressure during the 1961 examination, the BVA concluded that the blood pressure reading at separation was an isolated incident and not indicative of chronic disease and denied service connection for hypertensive vascular disease.

The appellant sought to reopen his claim for high blood pressure in 1985, 1987, 1988, and 1990. He submitted additional medical records dated subsequent to 1980, but this evidence was found insufficient for reopening. The appellant was hospitalized for chest pains in February 1990 and underwent angioplasty. In 1991, the appellant submitted statements from friends and from a licensed practical nurse who had taken his blood pressure many times. He also submitted a letter of December 18, 1991, in which he stated,

I have conversed with Dr. Ha Dinh, who is the Staff Cardiologist at the V.A. medical center in Little Rock, Arkansas. He has assured me that all of the information that you would need is contained in my record folder. He has also reviewed my military

records, release from active duty, and finds continuity with my present condition.

Record at 203 (emphasis omitted).

In 1992, the RO denied service connection for hypertension, and the appellant filed a timely Notice of Disagreement. He submitted additional information and testimony. The Board remanded the case, and the RO determined that new and material evidence had not been submitted. In February 1994, the appellant asserted to the RO that the 1957 separation examination reveals he had hypertension during service, and he requested a review by an independent medical expert. In the August 1994 BVA decision on appeal, the BVA found the additional evidence was cumulative and duplicative of that considered in 1979, and was thus not new and material evidence to reopen the claim.

## II. ANALYSIS

■ The appellant's claim for service connection of hypertension was denied by the BVA in 1979. This decision was final and could be reopened only upon the submission or presentment of "new and material" evidence. *See* 38 U.S.C. §§ 5108, 7104(b). Whether evidence is "new and material" is a question of law which this Court reviews de novo. *See Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). "'New' evidence is that which is not merely cumulative of other evidence of record." *Cox v. Brown*, 5 Vet.App. 95, 98 (1993). "Material" evidence is evidence which is relevant to and probative of the issue at hand, and which creates a reasonable possibility that the new evidence, when considered in light of all the evidence, would change the outcome. *Ibid.* Assuming without deciding, that the Court must review all of the evidence submitted since the last final denial on the merits in determining whether new and material evidence has been submitted, *see Glynn v. Brown*, 6 Vet.App. 523 (1994); *compare Elkins v. Brown*, 8 Vet. App. 391 (1995) (concluding that "there is no new and material evidence even if all the evidence submitted since" an earlier decision were to be considered), after a thorough review of the record, we find the appellant has not submitted new and material evidence to reopen his hypertension claim. None of

the evidence submitted is relevant to and probative of the issue of whether the appellant's current hypertension is related to his service and thus falls short of creating a reasonable possibility of changing the outcome. *See Allday v. Brown*, 7 Vet.App. 517, 529–30 (1995).

■ Remand is necessary, however, because the Secretary of Veterans Affairs failed to fulfill his obligation under 38 U.S.C. § 5103(a) to notify the appellant of evidence (a physician's statement connecting his hypertension to service) necessary to complete his application for benefits. The record contains the appellant's statement that a Dr. Dinh had reviewed the appellant's military records and found continuity between his in-service condition and his present condition. The appellant's statement of what Dr. Dinh told him is hearsay and would not of itself be competent medical evidence because "filtered as it was through a layman's sensibilities, [the appellant's statement] is simply too attenuated and inherently unreliable to constitute 'medical' evidence." *Robinette v. Brown*, 8 Vet.App. 69, 77 (1995).

■ The plain language of 38 U.S.C. § 5103(a) states, "If a claimant's application for benefits under the laws administered by the Secretary is incomplete, the Secretary shall notify the claimant of the evidence necessary to complete the application." A veteran filing an original claim for benefits and a veteran attempting to reopen his claim are both claimants making an "application for benefits." 38 U.S.C. § 5103(a); *cf. Edenfield v. Brown*, 8 Vet.App. 384, 389 (1995) (pursuant to 38 U.S.C. § 5107(a), person who files "not-well-grounded claim *is* a claimant"). The veterans benefits statute does not limit the use of the word "application" to the first original application for benefits. *See* 38 U.S.C. § 5110(a) (using the word "application" in the context of "an original claim, a claim reopened after final adjudication, or a claim for increase"); *see also* 38 U.S.C. § 5110(b)(2) (using "application" in context of claim for an increase).

In *Robinette*, we dealt with a veteran who had failed to submit with his application sufficient evidence for a well-grounded claim. While the claim was not well grounded, the

record did contain a statement by the veteran reporting that the veteran's doctor had said the veteran's disability was "most probably" service connected. We concluded:

Under the circumstances of this case, the Secretary was on notice that relevant evidence may have existed, or could have been obtained, that, if true, would have made the claim "plausible" and that such evidence had not been submitted with the application. Thus, upon receipt of the hearsay statement from the veteran, the Secretary had an obligation under section 5103(a) "to assist [the] claimant[ ] in understanding how to file for benefits and what evidence is required", ... by advising him that the physician's statement was needed to "complete" his application.

*Robinette,* 8 Vet.App. at 80 (quoting *Morris v. Derwinski,* 1 Vet.App. 260, 264 (1991) and omitting citation). This analysis in *Robinette* applies equally when new and material evidence is needed to complete an application. In this case, the application was incomplete because it was missing evidence that might constitute new and material evidence to reopen the claim.

Accordingly, the Court holds that when a veteran has made an application to reopen a claim and the Secretary is on notice of evidence which may prove to be new and material but has not been submitted with the application, the Secretary has a duty under section 5103 to inform a claimant of the evidence that is "necessary to complete the application." 38 U.S.C. § 5103(a). As we stated in *Robinette,* the extent of the "Secretary's section 5103(a) obligation depends on the particular facts of the case and on the extent to which the Secretary has advised the claimant of the evidence necessary to be submitted with a VA-benefits claim." *Robinette,* 8 Vet.App. at 78. Under the circumstances of this case, the Secretary's section 5103(a) duty required the Secretary to inform the appellant that a statement from Dr. Dinh on the connection of the appellant's condition with service was needed to complete the application for reopening his service connection claim, and that duty to inform was not met here.

## III. CONCLUSION

Accordingly, upon consideration of the record, the briefs, and the supplemental memoranda, the Court VACATES the August 1994 decision of the BVA and REMANDS the matter for further proceedings in accordance with section 5103(a) and consistent with this opinion and with *Robinette,* 8 Vet.App. at 80.