Clyde E. GRAVES, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 94–915.

United States Court of Veterans Appeals.

June 7, 1996.

Before KRAMER, HOLDAWAY, and
STEINBERG, Judges.

## ORDER

PER CURIAM.

On January 30, 1996, the Court issued a panel opinion remanding the appellant's claim for service connection of hypertension to the Board of Veterans' Appeals (BVA or Board). *Graves v. Brown*, 8 Vet.App. 522 (1996). On February 20, 1996, the appellant, through counsel, filed an application for an award of attorneys fees under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412(d); *see* U.S.Vet.App.R. 39(b). The Secretary has filed a response.

The underlying appeal arose from an August 29, 1994, BVA decision that found new and material evidence had not been submitted to reopen the claim. The appellant filed his Notice of Appeal on October 17, 1994. During the pendency of the appeal, the Court on July 14, 1995, issued an opinion upon reconsideration in *Robinette v. Brown*, 8 Vet. App. 69 (1995). *Robinette* held that when a veteran has failed to submit with his original application sufficient evidence to well ground his claim and the Secretary is "on notice of relevant evidence that may have existed, or could have been obtained, that, if true, would have made the claim 'plausible,'" then the application is incomplete and the Secretary has an obligation under 38 U.S.C. § 5103(a) to advise the veteran of the evidence needed to complete the application. *Id.* at 80.

Subsequently, the Court ordered the parties to submit supplemental memoranda addressing whether, in light of *Robinette, supra*, the Secretary had an obligation under

38 U.S.C. § 5103(a) to advise the appellant as to the evidence he needed to submit with his application to reopen his claim. In its January 30, 1996, opinion, the Court agreed with the Board that the appellant had not submitted new and material evidence. *Graves,* 8 Vet.App. at 524. The Court found, however, that the Secretary had not complied with his duty under 38 U.S.C. § 5103(a) to advise the appellant to submit certain evidence that was needed to complete his application to reopen. *Id.* at 525. Thus, *Graves* extended the 38 U.S.C. § 5103(a) duty discussed in *Robinette* to applications to reopen a claim through the presentment of new and material evidence. *Ibid.*

 "Attorney fees under the EAJA will be awarded 'unless the court finds that the position of the United States was substantially justified.' 28 U.S.C. § 2412(d)(1)(A)." *Stillwell v. Brown,* 6 Vet. App. 291, 301 (1994) (emphasis omitted). In determining substantial justification the Court looks at the reasonableness of VA's position, both before the Court and at the administrative level, *see Felton v. Brown,* 7 Vet.App. 276 (1994), under the "totality of the circumstances." *Stillwell,* 6 Vet.App at 302. A factor to be considered in determining the reasonableness of the Secretary's actions under the "totality of the circumstances" is the state of the law at the time of the Board's decision. *See Carpenito v. Brown,* 7 Vet.App. 534, 536–37 (1995); *see also, e.g., Felton,* 7 Vet.App. at 284–85; *Golliday v. Brown,* 7 Vet.App. 249, 254–55 (1994); *Olney v. Brown,* 7 Vet.App. 160, 162–63 (1994); *Gregory v. Brown,* 7 Vet.App. 127, 128–29 (1994).

The appellant alleges that the Secretary's position was not substantially justified because the Board failed to address the Secretary's failure to comply with 38 U.S.C. § 5103(a). The Court recognizes, however, that the Board's decision was made prior to the Court's decision regarding the section 5013(a) duty in *Robinette, supra.* Moreover, it was in the appellant's own appeal that the Court first extended the *Robinette* analysis to an application to reopen a previously disallowed claim. *Graves, supra.* As to the Secretary's position in the administrative phase, the Court thus finds that "the Board acted 'consisten[tly] with judicial precedent and VA policy'" at the time. *Olney,* 7 Vet. App. at 162 (quoting *Stillwell,* 6 Vet.App. at 302). As to the Secretary's position in the litigation phase, the Secretary responded promptly to the appellant's pleadings and took a not unreasonable position in asserting that *Robinette* should not be extended to the reopening context. We cannot find that the Secretary either dragged his feet or "departed from established policy in such a way as to single out a particular private party." *Stillwell, supra* (quoting *Essex Electro Engineers, Inc. v. United States,* 757 F.2d 247, 254 (Fed.Cir.1985)). The Court, therefore, must hold that the position of the Secretary was substantially justified under the then existing law.

Accordingly, upon consideration of the foregoing it is

ORDERED that the appellant's EAJA application is DISMISSED.