Stephen L. HELFER, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.

No. 95–1237.

United States Court of Veterans Appeals.

April 28, 1998.

Michael E. Wildhaber, Washington, DC, was on the pleadings for appellant.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; and Carolyn F. Washington, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Judges.

HOLDAWAY, Judge:

Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), the appellant, Stephen L. Helfer, seeks costs and attorneys fees incurred in the prosecution of a claim on appeal. The Secretary opposes the application on the sole ground that his position was justified.

## I. FACTS

In August 1995, the BVA denied the appellant's claims for a service-connected anxiety disorder and post-traumatic stress disorder (PTSD). In December 1995, the appellant filed a Notice of Appeal. Eventually, after several motions for extensions, he filed his brief on the merits in September 1996. In October 1996, the Secretary issued a final rule amending 38 C.F.R. §§ 4.125, 4.126, and 4.130, and adopting the fourth edition of the DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (DSM–IV). *See generally Cohen v. Brown,* 10 Vet.App. 128, 139 (1997) (outlining history of DSM). Compared to the previously adopted third edition of the DSM (DSM–III), the new DSM–IV used substantially modified criteria for diagnosing PTSD. *Id.* at 140–41. The rule became effective in November 1996. *Id.* at 139.

In January 1997, the Secretary filed his brief on the merits and cited to the newly adopted DSM–IV as the standard defining a sufficient stressor for PTSD. Secretary's Brief (Br.) at 27. The Secretary admitted that the appellant had been rated under the now-outdated DSM–III and DSM–III–R, but argued that the erroneous use of those manuals was harmless. Secretary's Br. at 27–28 & n. 2. The Secretary stated that he was willing to concede that under either DSM–III or DSM–III–R, the appellant's alleged stressors would have been sufficient to induce PTSD. *Id.* at 28 n. 2. However, the Secretary argued, because the appellant had not provided adequate evidence to corroborate the existence of an in-service stressor, the sufficiency of the alleged stressor was not in issue, and use of the appropriate DSM was irrelevant to the disposition of the case. *Id.* In February 1997, the appellant filed his reply brief.

In March 1997, the Court decided in the *Cohen* case that remand was necessary to allow the BVA to assure that the claimant received the benefit of the most favorable version of the DSM in deciding whether PTSD was caused by in-service stressors. *Cohen,* 10 Vet.App. at 140. In June 1997, the Court applied *Cohen* to the appellant's appeal, vacated the BVA's decision, and remanded for readjudication of the case with the instruction that under *Cohen* the appellant was "entitled to receive the benefit of the most favorable version" of the DSM. Later that month, the appellant filed a motion for reconsideration, arguing that the Court should adjudicate both his claims rather than remand them because (1) "the *Cohen* holding [wa]s not pertinent to the decisive factual and legal issue raised in the veteran's PTSD claim" since *Cohen* focussed on the diagnosis of PTSD, and diagnosis was not at

issue in the appellant's case; and (2) the claim for anxiety disorder was ripe and unrelated to the PTSD claim. Appellant's Motion at 2–4. The motion was denied by a per curiam order in August 1997 which stated that a "full and complete readjudication" of both claims was contemplated by the remand order. The Court's mandate issued in October 1997.

In October 1997, the appellant filed an EAJA application. In his December 1997 response to the application, the Secretary conceded that the appellant was a prevailing party, that there were no special circumstances to make an EAJA award unjust, that the fees and expenses requested were reasonable, and that the application was timely. Secretary's Response at 4. However, the Secretary contested the EAJA award on the sole ground that the government's position was substantially justified. The appellant filed a reply in January 1998.

## II. ANALYSIS

The EAJA statute provides for an award of costs and fees to a prevailing appellant "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

 The Court finds that the government's position was substantially justified. "In determining substantial justification the Court looks at the reasonableness of VA's position, both before the Court and at the administrative level, under the totality of the circumstances." *Graves v. Brown*, 9 Vet. App. 172, 173 (1996) (internal quotations and citations omitted). "A factor to be considered in determining the reasonableness of the Secretary's actions ... is the state of the law at the time of the Board's decision." *Id.* In this case, the appellant concedes that because the Secretary was relying on the diagnostic and rating criteria that were then current, the Secretary's position was justified at the BVA level. Appellant's Reply at 12–13. The appellant argues, however, that the Secretary acted unreasonably before the Court because he failed to promptly advise the Court of new law that was potentially applicable to the appellant's claim, specifical-

ly, the DSM–IV and *Cohen*. *Id.* at 10 n. 4, 13. The appellant's argument is without merit. First, the appellant's argument that the Secretary failed to advise the Court of the newly adopted DSM–IV misstates the facts. In the Secretary's brief on the merits, he clearly cites to the DSM–IV manual as the applicable standard for diagnosing PTSD. Secretary's Br. at 26–27.

Second, the Secretary did not act unreasonably in failing to advise the Court of jurisprudential changes effected by the Court itself during the pendency of the appellant's claim. The Court notes that it remanded under *Cohen* in spite of the appellant's motion for reconsideration which argued that *Cohen* was inapplicable. Ironically, the appellant now takes the position that the Secretary acted unreasonably in not bringing to the Court's attention a case that the appellant argued in his motion for reconsideration was "not pertinent." In short, the Secretary's position, which the appellant conceded was substantially justified at the time the appeal was brought, did not become "unjustified" while the case was pending merely because the Secretary "failed" to inform the Court of the Court's own recently decided case law. Indeed, the appellant's own motion for reconsideration tends to establish that the Secretary's position was justified because it argued that *Cohen* was not pertinent.

## III. CONCLUSION

After consideration of the pleadings and in view of the foregoing, the appellant's application for fees and costs under EAJA is denied.