# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-997

NICHOLAS P. QUARTUCCIO, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

( Decided  June 19, 2002  )

*Clark Evans,* of Judsonia, Arkansas, was on the pleadings for the appellant.

*Tim S. McClain*, General Counsel; *Joan E. Moriarty*, Acting Assistant General Counsel; *Mary Ann Flynn*, Deputy Assistant General Counsel; and *Jimmy R. Moye*, all of Washington D.C., were on the pleadings for the appellee.

Before KRAMER, *Chief Judge*, and FARLEY and IVERS, *Judges*.

FARLEY, *Judge*:  Before the Court is a May 14, 2001, Board of Veterans' Appeals (Board or BVA) decision that declined to reopen the appellant's claim for service connection for schizophrenia because it concluded that the appellant had not submitted new and material evidence. The appellant filed a motion for remand and stay of proceedings, in lieu of a brief.  The Secretary filed a response in opposition to the appellant's motion, and a brief, and the appellant filed a reply brief.  The Court has jurisdiction of the case under 38 U.S.C. § 7252(a).  For the following reasons, the Court will vacate the Board's decision and remand the matter.

## I.  FACTS

The appellant, Nicholas P. Quartuccio, served on active duty in the U.S. Army from January 1977 to April 1978.  Record (R.) at 13.  In 1994, the appellant, through a representative from the Disabled American Veterans, filed a statement seeking service connection for paranoid schizophrenia.  R. at 83.  The statement reads that "[t]he veteran has suffered from this disability

since he had a mental breakdown while on active duty. Current medical evidence is available from [VA Medical Center (VAMC) in] Poplar Bluff, [Missouri]." *Id*. While in the military, the appellant reported that he did not get along with his superiors and he "believe[d] he [was] being constantly harassed." R. at 30. In service medical records, dated March 23, 1978, the appellant checked "Yes" next to a question asking whether he was experiencing "[n]ervous trouble of any sort." R. at 54. The VA regional office (RO), in January 1995, sent a letter to the appellant describing what he must do to file a claim. R. at 85. In the letter, the RO informed the appellant that he must **"submit evidence to show that this/these condition(s) was/were incurred in or aggravated by [his] military service and has/have existed continuously from the date of [his] discharge to the present time."** *Id.*

In April 1995, the appellant filed a VA Veteran's Application for Compensation or Pension form for disability compensation related to "paranoid schizophrenia subchronic." R. 96-99. On the application, the appellant asserted that he had had a nervous breakdown while stationed at Fort Lewis, Washington. R. at 97. The appellant declared that "several" civilian physicians and hospitals had treated him for his condition but he could not remember their names. *Id.* The appellant authorized the release of his records from two facilities, North Arkansas Human Services System Incorporated (NAHSSI) and Hillside Center-West Yavapai Guidance Clinic (Guidance Clinic), where he had been treated between 1993 and 1995. R. at 101. The treatment records from NAHSSI reflect that the appellant had reported that he had been diagnosed with "[p]aranoid [s]chizophrenia when he was a child." R. at 126. The NAHSSI examiner diagnosed the appellant with "[p]aranoid [s]chizophrenia ([p]rovisional) [s]ubc[h]ronic." R. at 117. Another examiner, in the report from a 1993 examination conducted at the Guidance Clinic, diagnosed the appellant with "[p]ersonality [d]isorders excluding anti-social personality disorder." R. at 116. In April 1995, pursuant to the appellant's claim, a VA doctor examined the appellant. R. at 137-41. The examiner diagnosed the appellant with "[s]chizophrenia, paranoid." R. at 141. The RO, in June 1995, denied the appellant's claim for service-connected paranoid schizophrenia stating that there was "no evidence [showing that the appellant's] condition was diagnosed or treated in service or within a year after discharge." R. at 144. In July 1995, the appellant filed a Notice of Disagreement (NOD). R. at 147. The RO issued a Statement of the Case (SOC), which outlined the evidence considered in the rating decision and

pertinent law regarding the appellant's claim. R. at 152-63. When the appellant did not file a Substantive Appeal, the RO decision became final.

The appellant, in April 2000, submitted a letter in which he disagreed with the June 1995 RO decision: "I am sick and the army made me this way." R. at 195. In response to that letter, the RO sent the appellant a letter informing him that he would need to submit "new and material evidence establishing the incurrence, aggravation, or diagnosis of this condition in service, or within 1 year of discharge from service to reopen [his] claim." R. at 198. The letter defines "new and material evidence" as "medical evidence not previously submitted to VA, which bears directly and substantially upon the issue, which is neither cumulative nor redundant, and which by itself or in connection with evidence that is already of record is so significant that it must be considered to fairly decide your claim." *Id*

Medical records from the VAMC in Poplar Bluff, Missouri, reflect outpatient treatment from September 1997 through February 1998 and state that the appellant was diagnosed with "[s]chizophrenia, paranoid type." R. at 170. In June 2000, the appellant submitted a statement in support of claim in which he stated that he had experienced a nervous breakdown while in the military. R. at 200. The RO, in July 2000, found that the appellant had failed to submit new and material evidence in order to reopen his claim. R. at 206. In September 2000, the RO issued an SOC that outlined the reasons for the RO decision and explained the process for filing a formal appeal. R. at 212-17. In that same month, the appellant submitted a Substantive Appeal to the Board. R. at 219-20.

The Board decision on appeal was issued on May 14, 2001. R. at 1-11. The Board concluded that the evidence received since the June 1995 RO decision was "not new and material, and, thus, the claim for service connection for a [sic] schizophrenia is not reopened." R. at 2. The Board noted while the appellant's appeal was pending before VA, the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096, was enacted on November 9, 2000. R. at 7. The BVA concluded that in this case the appellant had been "notified of the criteria pertaining to finality cases, and he has been informed that he should submit new and material medical evidence to support his claim." *Id.* The Board also concluded that the additional evidence submitted since the June 1995 RO decision was "duplicative and cumulative of evidence previously considered" by

the RO. R. at 9. Thus, the Board found that the appellant had submitted no new and material evidence to reopen his claim for entitlement to service connection for a psychiatric disability. *Id.* The Board further noted that "while the veteran appears to be in receipt of Social Security Administration [(SSA)] disability benefits, he has only been in receipt since the early 1990s and therefore, this evidence would only address the current status of his disability." *Id.* The Board concluded that "there would be no useful purpose in obtaining a copy of the [SSA] decision granting benefits to the appellant or the medical records upon which it was based" because such evidence would not assist in determining whether the appellant's condition had its onset in service or within 1 year of discharge. R. at 9-10.

On appeal to this Court, the appellant argues that the matter should be remanded to allow the Secretary to comply with the VCAA. Appellant's Motion for Remand (Remand Mot.) at 2. He contends that the VCAA obliges the Secretary to inform the appellant of what evidence is needed to substantiate his claim, as well as "which of this evidence VA will attempt to secure contrasted with which portion the claimant[] must present." *Id.* at 4. Additionally, the appellant argues that the Board was required, pursuant to *Murincsak v. Derwinski*, 2 Vet.App. 363 (1992), to retrieve the appellant's SSA records, because, he contends,"without looking at the records, it is impossible to know that they are devoid of medical etiology evidence." Remand Mot. at 5.

The Secretary argues that the Board's decision should be affirmed and that the appellant's motion for remand should be denied. Secretary's Brief (Br.) at 11. As to the Secretary's duty-to-notify, the Secretary contends that the Board's and RO's actions were sufficient. *Id.* at 8. Although the Secretary acknowledges that the appellant receives SSA benefits for schizophrenia, he asserts that the Court should hold that "VA's duty to notify under the VCAA is still confined to notifying [the a]ppellant of evidence that would likely further his claim" and that, in this case, there is no indication that the SSA records are likely to further his claim. *Id.* at 9-10.

## II. ANALYSIS

The VCAA, among other things, modified the Secretary's duties to notify and assist claimants. *See generally* VCAA, §§ 3, 4, 7; *see also Holliday v. Principi,* 14 Vet.App. 280, 284-86

(2001). The appellant argues that 38 U.S.C. § 5103(a), as modified by the VCAA, is applicable to his claim to reopen. Section 5103(a), as amended, provides:

> Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. *As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary, in accordance with section 5103A of this title and any other applicable provisions of law, will attempt to obtain on behalf of the claimant.*

38 U.S.C. § 5103(a) (emphasis added).

The Secretary has promulgated, in addition to the statute, regulations relating to 38 U.S.C. § 5103(a). VA's duty to notify is covered under 38 C.F.R. § 3.159(b). The regulation, in pertinent part, reads:

> When VA receives a complete or substantially complete application for benefits, it will notify the claimant of any information and medical or lay evidence that is necessary to substantiate the claim. VA will inform the claimant which information and evidence, if any, that the claimant is to provide to VA and which information and evidence, if any, that VA will attempt to obtain on behalf of the claimant. VA will also request that the claimant provide any evidence in the claimant's possession that pertains to the claim.

38 C.F.R. § 3.159(b) (2001).

A threshold issue is whether 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b) apply to an attempt to reopen a claim, as distinguished from an original claim for benefits. Prior to the enactment of the VCAA, this Court ruled that under 38 U.S.C. § 5103(a), "[a] veteran filing an original claim for benefits and a veteran attempting to reopen his claim are both claimants making an 'application for benefits.' . . . The veterans benefits statute does not limit the use of the word 'application' to the first original application for benefits." *Graves v. Brown*, 8 Vet.App. 522, 524 (1996) (citation omitted). The *Graves* Court held:

> [W]hen a veteran has made an application to reopen a claim and the Secretary is on notice of evidence which may prove to be new and material but has not been submitted with the application, the

5

> Secretary has a duty under section 5103 to inform a claimant of the evidence that is "necessary to complete the application."

*Id.* at 525 (quoting 38 U.S.C. § 5103(a)). When the VCAA amended 38 U.S.C. § 5103(a), it added a requirement that the Secretary identify which evidence he will obtain and which evidence the claimant is expected to present. The intent of Congress, as the plain language of the VCAA indicates, was to expand the duties of the Secretary to notify the claimant, not to restrict them. A claimant is defined as "any individual applying for, or submitting a claim for, any benefit under the laws administered by the Secretary." 38 U.S.C. § 5100. The Court concludes that a person attempting to reopen a claim is a claimant under chapter 51 of title 38, U.S. Code. Regarding 38 C.F.R. § 3.159(b), as recently amended, the Secretary has indicated that that amended regulation applies to claims for benefits governed by 38 C.F.R. part 3, which includes claims to reopen. *See* 38 C.F.R. §§ 3.155(c), 3.156 (2001). Thus, 38 U.S.C. § 5103(a), as amended by the VCAA, and 38 C.F.R. § 3.159(b), as amended, apply to those claimants who seek to reopen a claim by submitting new and material evidence pursuant to 38 U.S.C. § 5108.

The Secretary's duty to notify a claimant is triggered if VA has received "a complete or substantially complete application." 38 U.S.C. § 5103(a); 38 C.F.R. § 3.159(b). "Substantially complete application means an application containing the claimant's name; his or her relationship to the veteran, if applicable; sufficient service information for VA to verify the claimed service, if applicable; the benefit claimed and any medical condition(s) on which it is based; the claimant's signature . . . ." 38 C.F.R. § 3.159(a)(3) (2001). In the instant case, the Board implicitly concluded that the appellant's April 2000 letter was a substantially complete application because the Board considered the VCAA duty-to-notify provision and found that that duty had been fulfilled. R. at 7.

Concluding that the duty to notify does apply to the appellant in this case, we now turn to the question of whether the Secretary fulfilled his duty to notify. Both the statute, 38 U.S.C. § 5103(a), and the regulation, 38 C.F.R. § 3.159, clearly require the Secretary to notify a claimant which evidence, if any, will be obtained by the claimant and which evidence, if any, will be retrieved by the Secretary. The record on appeal (ROA) contains two documents the Secretary sent to the appellant noting which evidence would be useful to support the appellant's attempt to reopen his claim. The first document, a letter from the VA to the appellant, describes evidence potentially helpful to the appellant but does not mention who is responsible for obtaining such evidence. R. at

6

198. The other document in the ROA related to this issue is an SOC (R. at 212-16) in which the Secretary defines "new and material evidence" but does not "notify the claimant . . . of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim." 38 U.S.C. § 5103(a). Nor does the Secretary "indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary . . . will attempt to obtain on behalf of the claimant." *Id.* Because neither communication meets the standard subsequently erected by the VCAA, the Court will remand the matter for further adjudication.

On remand, the Secretary will have the opportunity to review the complete record, and that must include the appellant's SSA records. The parties agree that the appellant is receiving SSA benefits for schizophrenia, the same condition for which he seeks VA benefits. *See* Secretary's Br. at 10; Appellant's Reply Br. at 1. It is also true that neither the Secretary nor the appellant has reviewed these records. Although the Secretary has unilaterally declared the SSA records to be irrelevant, the ROA indicates that the appellant suffered from some mental problems while in the military (R. at 30, 54, and 97), and the possibility that the SSA records could contain relevant evidence, including medical opinions as to the etiology of the appellant's schizophrenia, cannot be foreclosed absent a review of those records. *See Murincsak*, 2 Vet.App. at 370-72 (concluding VA has a duty to obtain SSA records when it has actual notice that the veteran was receiving SSA benefits); *see also Voerth v. West*, 13 Vet.App. 117, 121 (1999) (concluding that the Secretary would have a duty to obtain SSA records, once the appellant submitted a well-grounded claim); *Baker v. West*, 11 Vet.App. 163, 169 (1998) (holding that VA failed in its duty to assist the veteran by not obtaining his SSA records even when the veteran only noted that he was receiving Social Security disability).

## III. CONCLUSION

Upon consideration of the foregoing, the May 14, 2001, decision of the Board is VACATED and the matter is REMANDED for readjudication consistent with this opinion.