KASOLD, Judge,
concurring:
I agree that the current version of section 5102(b) does not encompass the specific duty of the Secretary to notify a claimant to submit relevant evidence referenced in an application, as observed in Robinette and its progeny, and that Mr. Davis’s argument to the contrary fails. However, I write separately to note that, regardless of whether such a duty exists somewhere in Title 38 (and where that might now be),[2] Mr. Davis’s statement to the Secretary nevertheless fails to give rise to this duty.
The specific pre-Veterans Claims Assistance Act section 5103(a) duty to notify a claimant to submit particular evidence arose only when the Secretary was made aware that such evidence existed or reasonably could be obtained. See, e.g., Beausoleil v. Brown, 8 Vet.App. 459, 465 (1996) (citing Robinette v. Brown, 8 Vet.App. 69 (1995)) (Secretary has an additional obligation, inter aha, “to notify an individual of what is necessary to complete the application in the limited circumstances where there is an incomplete application that references other known and existing evidence”); Marciniak v. Brown, 10 Vet.App. 198 (1997) (when put on notice of evidence favorable to a claimant, Secretary has a duty to notify the claimant to submit such evidence when there is some degree of probability that the claimant will be able to obtain it).
In this instance, Mr. Davis’s statement in support of claim — as even he concedes— does not reference any existing evidence. His statement also does not reference any evidence favorable to his claim, or, assuming it could be favorable to his claim, state that there was a reasonable probability the evidence could be obtained. There is no indication that Mr. Davis had any idea which psychiatrist may have told him that he should have been seen by a psychiatrist before he was discharged, and certainly no way to go back in time and have that pre-discharge visit take place. Even assuming there was Army error associated with not sending Mr. Davis for psychiatric evaluation before his discharge, it does not change the fact that such a pre-discharge evaluation did not take place. Moreover, there is no dispute over the fact that the Board found that Mr. Davis had been provided adequate section 5103(a) notice regarding evidence that was needed to substantiate the claim. In the absence of Mr. Davis identifying some existing or reasonably obtainable evidence that might help substantiate his claim, no further notice was required by the duties found in the *358 pre-Veterans Claims Assistance Act version of section 5103(a) that might now exist in other sections of Title 38.

. At oral argument, Mr. Davis noted that the legislative history revealed no intent to limit the Secretary’s duties under the pre-Veterans Claims Assistance Act version of section 5103(a). See also 146 Cong. Rec. H9914 (Oct. 17, 2000) (noting that the proposed section 5102(b) merely "clarifies” the Secretary's obligation to send notices to the claimant); President’s Statement Upon Signing H.R. 4864, 36 WEEKLY COMP. PRES. DOC. 2834 (NOV. 9, 2000) (stating that the Veterans Claims Assistance Act "reaffirms and clarifies” the duties of the Secretary). Moreover, the Secretary did not argue that the Veterans Claims Assistance Act imposed any limitation on the Secretary's notice obligations, and nothing in our case law points to any limitation. See Quartuccio v. Principi, 16 Vet.App. 183, 186-87 (2002) (noting that Congress did not intend to restrict the Secretary’s notification duties). Nevertheless, I agree with my colleagues that whether or not any particular duty under the pre-Veterans Claims Assistance Act version of section 5103(a) continues to exist somewhere in the revised sections of Title 38 other than in section 5102(b) was not properly briefed and that it would be premature to render a decision on this broader issue. Further, on the facts of this case, it is inapposite.