Citation Nr: 1212949 
Decision Date: 04/10/12 Archive Date: 04/19/12

DOCKET NO. 09-45 778 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri



THE ISSUE

Entitlement to an initial disability rating in excess of 50 percent for service-connected posttraumatic stress disorder (PTSD). 



REPRESENTATION

Appellant represented by: Vietnam Veterans of America



ATTORNEY FOR THE BOARD

J.M. Seay, Associate Counsel



INTRODUCTION

The Veteran served on active duty from January 1968 to January 1971.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. 

Subsequently, in the September 2009 rating decision, the RO assigned an initial 50 percent disability rating, effective the date of the Veteran's claim. With respect to a claim for an increased rating, the claimant will generally be presumed to be seeking the maximum benefit allowed by law and regulation, and it follows that such a claim remains in controversy where less than the maximum available benefit is awarded. AB v. Brown, 6 Vet. App. 35, 38 (1993). As the Veteran's claim has not been granted in full and the Veteran did not withdraw his claim of entitlement to a higher initial disability rating, the matter remains before the Board for appellate review.

The Board has considered whether to address the issue of a total disability rating based on individual unemployability (TDIU). See 38 C.F.R. §§ 3.340, 4.16 (2011). The United States Court of Appeals for Veterans' Claims ("Court") held that a request for TDIU is not a separate claim for benefits, but rather involves an attempt to obtain an appropriate rating for a disability or disabilities, either as part of the initial adjudication of a claim or as part of a claim for increased compensation. Rice v. Shinseki, 22 Vet. App. 447, 453 (2009). If the claimant or the record reasonably raises the question of whether the Veteran is unemployable due to the disability for which an increased rating is sought, then part and parcel of that claim for an increased rating is the issue of whether a total rating based on individual unemployability as a result of that disability is warranted. Id. at 455. Here, the Veteran filed a claim for entitlement to a TDIU in October 2009. The March 2010 rating decision granted entitlement to a TDIU effective July 28, 2008. In an August 2010 rating decision, the TDIU was discontinued effective May 1, 2010 as the Veteran met a combined evaluation of 100 percent. The Veteran did not file a notice of disagreement with respect to the decision. As such, the Board will not address the issue of entitlement to a TDIU.


FINDING OF FACT

In resolving the benefit of the doubt in favor of the Veteran, the Veteran's PTSD has been manifested by total occupational and social impairment.


CONCLUSION OF LAW

The criteria for an initial disability rating of 100 percent for PTSD have been met for the entire appeal period. 38 U.S.C.A. §§ 1155, 5107 (West 2002); 38 C.F.R. §§ 4.3, 4.7, 4.130, Diagnostic Code 9411 (2011).


REASONS AND BASES FOR FINDING AND CONCLUSION

Upon receipt of a substantially complete application for benefits, VA must notify the claimant what information or evidence is needed in order to substantiate the claim and it must assist the claimant by making reasonable efforts to get the evidence needed. 38 U.S.C.A. §§ 5103(a), 5103A; 38 C.F.R. § 3.159(b); see Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002). The notice required must be provided to the claimant before the initial unfavorable decision on a claim for VA benefits, and it must (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1); Pelegrini v. Principi, 18 Vet. App. 112, 120 (2004).

As the claim for a higher initial disability rating for service-connected PTSD is being granted in full, the decision is favorable to the Veteran and therefore there is no need to review whether VA's statutory duties to notify and assist are fully satisfied as any error would be non-prejudicial. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2002 & Supp. 2011); see also 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2011).

LAW AND ANALYSIS

PTSD

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. The rating schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. 38 C.F.R. § 4.7.

In considering the severity of a disability, it is essential to trace the medical history of the Veteran. 38 C.F.R. §§ 4.1, 4.2, 4.41. Consideration of the whole-recorded history is necessary so that a rating may accurately reflect the elements of disability present. 38 C.F.R. § 4.2; Peyton v. Derwinski, 1 Vet. App. 282 (1991).

In a claim for an initial increased rating, 'staged' ratings may be warranted. See Fenderson v. West, 12 Vet. App. 119 (1999).

In this case, the Veteran's PTSD is evaluated as 50 percent disabling pursuant to 38 C.F.R. § 4.130, Diagnostic Code 9411.

A 50 percent disability rating is contemplated for occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereo-typed speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships.

A 70 percent disability rating is contemplated for occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately, and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or worklike setting); inability to establish and maintain effective relationships.

A 100 percent disability rating is contemplated for total occupational and social impairment due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name.

The use of the term 'such as' in the general rating formula for mental disorders in 38 C.F.R. § 4.130 demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, but rather are to serve as examples of the type and degree of symptoms, or their effects, that would justify a particular rating. See Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002). It is not required to find the presence of all, most, or even some, of the enumerated symptoms recited for particular ratings. Id. The use of the phrase 'such symptoms as,' followed by a list of examples, provides guidance as to the severity of symptoms contemplated for each rating, in addition to permitting consideration of other symptoms, particular to each Veteran and disorder, and the effect of those symptoms on the claimant's social and work situation. Id.

GAF scores are a scale reflecting the 'psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness.' See Carpenter v. Brown, 8 Vet. App. 240, 242 (1995); see also Richard v. Brown, 9 Vet. App. 266, 267 (1996) (citing the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV), at 32).

GAF scores ranging between 61 and 70 reflect some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, and has some meaningful interpersonal relationships. Scores ranging from 51 to 60 reflect more moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co- workers). Scores ranging from 41 to 50 reflect serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational or school functioning (e.g., no friends, unable to keep a job). Diagnostic and Statistical Manual of Mental Disorders 46-47 (4th ed. 1994).

Here, the Board finds that the Veteran's PTSD has manifested in total social and occupational impairment, to warrant the assignment of an initial 100 percent disability rating. The Veteran was afforded a VA examination in March 2008. The VA examiner stated that the Veteran had total occupational and social impairment due to his PTSD signs and symptoms. The VA examiner reasoned that the Veteran was severely affected by his PTSD symptoms including extreme isolation and withdrawal, impaired capacity for concentration/attention, obsessive thought patterns, severe sleep impairment, depressed mood, exacerbations of suicidal ideation when encountering stressful circumstances, and exacerbation of tremor and myoclonic spasms when encountering thoughts or reminders of combat trauma. The VA treatment records show that the Veteran rarely leaves his room and has been unemployed due to his PTSD symptoms. Indeed, the June 2009 VA treatment record shows that the Veteran stays in his room all the time. The VA treatment records also show that the Veteran has poor personal hygiene as he only takes care a shower if his wife forces him to. In addition, the medical evidence suggests that the Veteran has a cognitive disorder related to his PTSD. The March 2008 VA examiner noted that the Veteran had "slow, mumbled, pressured" speech and the Veteran was not intact to time. The examiner also noted that the Veteran's thought process was rambling and that he had poor judgment and insight. The December 2007 VA treatment record also shows that the Veteran had unusual thought processes. In light of the above, the record shows that the Veteran exhibits several symptoms shown in the disability rating of 100 percent including intermittent inability to perform activities of daily living (personal hygiene), impairment in thought processes, disorientation to time, and a total social and occupational inability to function. As noted previously, it is not required to find the presence of all, most, or even some, of the enumerated symptoms recited for particular ratings. See Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002). Therefore, in resolving the benefit-of-the-doubt in favor of the Veteran, the Board finds that the Veteran's symptoms more closely approximate an initial 100 percent disability rating for PTSD. See 38 C.F.R. § 3.102, 4.3, 4.7, see also Fenderson v. West, 12 Vet. App. 119, 126 (1999).


ORDER

Entitlement to an initial disability rating of 100 percent for PTSD is granted, subject to the rules and regulations governing the payment of VA monetary benefits.



____________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs