Citation Nr: 1450467 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 10-49 435 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Houston, Texas


THE ISSUES

1. Entitlement to service connection for a back disability (claimed back pain).

2. Entitlement to service connection for an acquired psychiatric disorder (claimed depression).

3. Entitlement to service connection for headaches.

4. Entitlement to service connection for bilateral hearing loss.

5. Entitlement to a rating in excess of 10 percent for gastroesophageal reflux disease (GERD) with irritable bowel syndrome (IBS) prior to March 10, 2014.

6. Entitlement to a rating in excess of 30 percent for GERD with IBS from March 10, 2014.



REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

G. Jackson, Counsel


INTRODUCTION

The Veteran had active service from February 1980 to October 1991. 

This matter comes before the Board of Veterans' Appeals (the Board) from a January 2009 rating decision issued by the RO.

In his December 2010 Substantive Appeal (VA Form 9), the Veteran requested a Board hearing at the RO. He withdrew his request in August 2014. 

The Veteran's appeal originally included the issues of entitlement to service connection for tinnitus. During the pendency of the appeal, the RO, in a July 2014 decision, granted service connection for tinnitus and assigned a 10 percent rating for the disability effective on August 12, 2008. Therefore, his appeal concerning the issues of service connection for tinnitus has been resolved. See Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997).

The Board also points out that a higher rating has been granted for the Veteran's GERD with IBS during the pendency of this appeal. Because higher ratings for this disability are assignable during the relevant time period and the Veteran is presumed to seek the maximum available benefit, the issue remains on appeal. See AB v. Brown, 6 Vet. App. 35, 38 (1993).

This appeal was processed using the Veterans Benefits Management System paperless claims processing system.


FINDINGS OF FACT

1. In August 2014, prior to the promulgation of a decision, the Veteran withdrew his appeal referable to the claim for entitlement to service connection for a back disability.

2. In August 2014, prior to the promulgation of a decision, the Veteran withdrew his appeal referable to the claim for entitlement to service connection for an acquired psychiatric disorder.

3. In August 2014, prior to the promulgation of a decision, the Veteran withdrew his appeal referable to the claim for entitlement to service connection for headaches.

4. In August 2014, prior to the promulgation of a decision, the Veteran withdrew his appeal referable to the claim for entitlement to service connection for bilateral hearing loss.

5. The Veteran's GERD with IBS has been manifested by symptoms of diarrhea, or alternating diarrhea and constipation, with more or less constant abdominal distress throughout the appeal period. Symptoms of pain, vomiting, material weight loss and hematemesis or melena with moderate anemia; or other symptom combinations productive of severe impairment of health is not demonstrated.


CONCLUSIONS OF LAW

1. The criteria for withdrawal of the appeal of the claim for entitlement to service connection for a back disability have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2002); 38 C.F.R. § 20.204 (2013). 

2. The criteria for withdrawal of the appeal of the claim for entitlement to service connection for an acquired psychiatric disorder have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2002); 38 C.F.R. § 20.204 (2013). 

3. The criteria for withdrawal of the appeal of the claim for entitlement to service connection for headaches have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2002); 38 C.F.R. § 20.204 (2013). 

4. The criteria for withdrawal of the appeal of the claim for entitlement to service connection for bilateral hearing loss have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2002); 38 C.F.R. § 20.204 (2013). 

5. The criteria for a 30 percent rating for GERD with IBS prior to March 10, 2014 are met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.7, 4.113, 4.114, Diagnostic Codes (DC) 7319, 7346 (2013).

6. The criteria for a rating in excess of 30 percent for GERD with IBS are not met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.7, 4.113, 4.114, Diagnostic Codes (DC) 7319, 7346 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Withdrawal

An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2013). Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. 

In August 2014, the Veteran withdrew his claims for service connection for a back disability, an acquired psychiatric disorder, headaches and bilateral hearing loss from appellate consideration. Hence, there remain no allegations of an error of fact or law referable to these claims for service connection at this time. 

Accordingly, the Board does not have jurisdiction to further review these matters, and the appeals are dismissed. 

GERD with IBS

Veterans Claims Assistance Act of 2000

The Veterans Claims Assistance Act of 2000 (VCAA), in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2002 & Supp. 2013); Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Pub. L. No. 112-154, §§ 504, 505, 126 Stat. 1165, 1191-93; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2013). The VCAA applies to the instant claims. 

VA is required to notify the claimant and his or her representative of any information, and any medical or lay evidence, not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). 

The duty to notify in this case was satisfied by letter sent to the Veteran in September 2008. The claim was last adjudicated in July 2014.

In addition, the duty to assist the Veteran has also been satisfied in this case. The Veteran's service treatment records as well as all identified and available VA and private medical records are in the claims file and were reviewed by both the RO and the Board in connection with his claims. The Veteran has not identified any other outstanding records that are pertinent to the issues currently on appeal. 

In addition, the Veteran was afforded multiple VA examinations in connection with his claim for increased rating. To that end, when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Board finds that the examinations are adequate with regard to the issue of entitlement to an increased rating for the GERD with IBS, as the examinations address the manifestations and severity of the disability. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion with respect to the issues on appeal has been met. 38 C.F.R. § 3.159(c)(4). 

In summary, the Veteran was notified and aware of the evidence needed to substantiate his claims, the avenues through which he might obtain such evidence, and the allocation of responsibilities between himself and VA in obtaining such evidence. He was an active participant in the claims process submitting evidence and argument and presenting for a VA examination. Thus, he was provided with a meaningful opportunity to participate in the claims process and has done so. Any error in the sequence of events or content of the notices is not shown to have any effect on the case or to cause injury to the Veteran. Therefore, any such error is harmless and does not prohibit consideration of these matters on the merits. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006); see also ATD Corp. v. Lydall, Inc., 159 F.3d 534, 549 (Fed. Cir. 1998).

Laws and Regulations

Disability ratings are determined by application of the criteria set forth in VA's Schedule for Rating Disabilities, which is based on average impairment of earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. The Veteran's entire history is to be considered when making disability evaluations. See generally 38 C.F.R. 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). 

The Court has held that "staged" ratings are appropriate for any rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007); Fenderson v. West, 12Vet. App 119 (1999). Here the disability has not significantly changed and a uniform evaluation is warranted.

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. See 38 C.F.R. § 4.7. 

The rating for the Veteran's GERD with IBS with duodenal ulcer with hiatal hernia has been assigned pursuant to diagnostic code (DC) 7319-7346. Hyphenated diagnostic codes are used when a rating under one diagnostic code requires use of an additional diagnostic code to identify the basis for the evaluation assigned. 38 C.F.R. § 4.27 (2013) (noting that the hyphenated code reflects that the disability includes two disorders). Under DC 7319, a 10 percent rating is assigned for moderate IBS with frequent episodes of bowel disturbance with abdominal distress. A 30 percent rating is warranted for severe IBS with diarrhea, or alternating diarrhea and constipation, with more or less constant abdominal distress. 
 
Under DC 7346, a 10 percent rating is assigned for hiatal hernia with two or more of the symptoms for the 30 percent evaluation of less severity. A 30 percent evaluation contemplates hiatal hernia manifested by persistently recurrent epigastric distress with dysphagia, pyrosis, and regurgitation, accompanied by substernal or arm or shoulder pain, productive of considerable impairment of health. A 60 percent rating is assigned for hiatal hernia manifested by symptoms of pain, vomiting, material weight loss and hematemesis or melena with moderate anemia; or other symptom combinations productive of severe impairment of health. 38 C.F.R. § 4.114.

Analysis

As an initial matter, in the appealed January 2009 rating decision, the RO granted service connection for GERD and IBS, assigning separate 10 percent and non-compensable ratings, respectively, effective on August 12, 2008. In December 2010, the RO evaluated these disabilities together and assigned a 10 percent rating, effective on August 12, 2008. 

In the July 2014, the RO increased the rating for the Veteran's GERD with to 30 percent, effective March 10, 2014. This increase during the appeal did not constitute a full grant of the benefit sought. Therefore, the Veteran's claim for increased rating for the GERD with IBS remains on appeal. See AB v. Brown, 6 Vet. App. 35, 39 (1993). 

An October 2008 VA examination reflects the examiner's documentation of symptomatology of the Veteran's GERD with IBS. There was no history of trauma to the digestive system, neoplasm, hernia surgical repair, injury or wound related to hernia or tuberculosis of the peritoneum. The Veteran complained of acid reflux, GERD and dyspepsia since 1987. Additionally, he complained of IBS symptoms since 1980 with abdominal cramping and alternating constipation and cramping. The Veteran also reported that he had been hospitalized 5 times for recurrent pancreatic.

He was prescribed Amaryl, OTC (over-the-counter) Pepcid, Ducolax, Rutin and Bromelin for management of his symptoms. On examination, the Veteran's GERD and IBS were confirmed. The Veteran's GERD with IBS had no significant effects on occupational and daily activities.

A February 2011 CT scan of the abdomen showed diffuse atrophy of the pancreas, pancreatic duct dilation, and coarse calcifications of the pancreatic head. The findings were consistent with chronic pancreatitis.

The March 2014 VA examination confirms the diagnoses of GERD and IBS. Relative to his GERD, the Veteran reported that Rabeprazole no longer controlled his GERD symptoms. He had more frequent reflux symptoms and during sleep was now awakened due to epigastric discomfort.

He reported having persistently recurrent epigastric distress, pyrosis (heartburn), reflux and sleep disturbance caused by esophageal reflux that occurred 4 or more times per year and lasted less than one day in duration. There was no evidence of esophageal stricture, spasm of the esophagus or an acquired diverticulum of the esophagus. Previous upper endoscopy showed small intestinal mucosa with mild chronic inflammation; gastric mucosa with PPI changes and squamous mucosa with acanthosis.

The examiner commented that the Veteran may need a change in medication to control his symptoms of reflux, acid taste and sleep disturbance due to reflux.

Relative to the IBS, the Veteran reported that he required Bentyl and Imodium to control the symptoms of his intestinal disability. The Veteran's reported symptoms of his IBS included alternating diarrhea and constipation, abdominal distension and abdominal cramping and bloating.

The Veteran reported that he experienced frequent episodes of bowel disturbance with abdominal distress or exacerbations or attacks of his IBS. However, he did not have weight loss, malnutrition, serious complications or other general health effects attributable to his IBS. Further, he did not have a benign or malignant neoplasm or metastases related to his IBS. His IBS did not impact his ability to work but he did require medication to control the symptom of abdominal cramping.

Pelvis abdominal series findings showed nonspecific bowel gas pattern without obstruction or ileus.

Here, the Board finds that the Veteran's GERD with IBS warrants increase to 30 percent rating prior to March 10, 2014, and throughout the appeal period. The October 2008 VA examination documented complaints of abdominal cramping and alternating constipation and cramping. The March 2014 VA examination documents complaint of alternating diarrhea and constipation, abdominal distension and abdominal cramping and bloating. Accordingly, the Board finds that the Veteran's GERD with IBS most nearly approximates severe IBS. In light of complaints documented in the October 2008 VA examination, the Board is not convinced that the appellant became worse on the day of an adequate VA examination (in March 2014). 

Therefore, his GERD with IBS warrants 30 percent rating throughout the appeal period. In this regard, the Veteran's claim is granted. The Board notes that the 30 percent rating is the maximum evaluation for IBS. 

As the Veteran's GERD was not manifested by symptoms of pain, vomiting, material weight loss, and hematemesis or melena with moderate anemia; or other symptom combinations productive of severe impairment of health, a higher rating is not warranted at any time under DC 7346. The March 2014 VA examination reflects that the Veteran did not have weight loss, malnutrition, serious complications or other general health effects. Further, he did not have a benign or malignant neoplasm or metastases. Accordingly, an evaluation in excess of 30 percent is not warranted.
 
To the extent that the Veteran claims separate ratings for his GERD and IBS, the Board notes that there are diseases of the digestive system, particularly within the abdomen, which, while differing in the site of pathology, produce a common disability picture characterized in the main by varying degrees of abdominal distress, or pain, anemia and disturbances in nutrition. Thus, certain coexisting diseases of the digestive system do not lend themselves to distinct and separate disability evaluations without violating the fundamental principle relating to pyramiding as outlined in § 4.14. 38 C.F.R. § 4.113.

Ratings under diagnostic codes 7301 to 7329, inclusive, 7331, 7342, and 7345 to 7348 inclusive will not be combined with each other. A single evaluation will be assigned under the diagnostic code which reflects the predominant disability picture, with elevation to the next higher evaluation where the severity of the overall disability warrants such elevation. 38 C.F.R. § 4.114.

For all the foregoing reasons, the Board finds that 30 percent, but no higher, rating for GERD with IBS is warranted throughout the appeal period, but that rating in excess of 30 percent is not warranted at any time pertinent to this appeal. The Board has applied the benefit-of-the-doubt doctrine in determining that the criteria for 30 percent rating is met, but finds that the preponderance of the evidence is against assignment of higher ratings. See 38 U.S.C.A. § 5107(b); 38 C.F.R. §§ 3.102, 4.3; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

The above determinations are based on application of pertinent provisions of VA's rating schedule. Additionally, the Board finds that at no point has the disability been shown to be so exceptional or unusual as to warrant the assignment of any higher ratings on an extraschedular basis. See 38 C.F.R. § 3.321.

The discussion reflects that the symptoms and effects of the service-connected GERD with IBS are fully contemplated by the applicable rating criteria. 

Thus, referral for an extraschedular consideration is not indicated. See Thun v. Peake, 22 Vet. App. 111 (2008), aff'd sub nom. Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009). 


ORDER

The appeal regarding the claim for entitlement to service connection for a back disability is dismissed. 

The appeal regarding the claim for entitlement to service connection for an acquired psychiatric disorder is dismissed. 

The appeal regarding the claim for entitlement to service connection for headaches is dismissed. 

The appeal regarding the claim for entitlement to service connection for bilateral hearing loss is dismissed. 

A 30 percent rating is granted for GERD with IBS prior to March 10, 2014, subject to controlling regulations governing the payment of monetary awards.

A rating in excess of 30 percent for GERD with IBS is denied. 



____________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs