Citation Nr: 1504668 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 11-10 630 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUES

1. Entitlement to service connection for a left knee disorder, to include as secondary to a service-connected left thigh disability.

2. Entitlement to service connection for a left ankle disorder, to include as secondary to a service-connected left thigh disability.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Shana Z. Siesser, Counsel



INTRODUCTION

The Veteran served on active duty from January 1989 to November 1991. 

These matters are before the Board of Veterans' Appeals (Board) on appeal from a May 2010 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky.

The Board remanded the case for further development in April 2014. The case has since been returned for appellate review.

The Board notes that the Veteran's appeal had originally included a claim for service connection for a left thigh disorder. However, during the pendency of the appeal, the RO granted that claim in an October 2014 rating decision. Therefore, the claim is no longer before the Board, and no further consideration is necessary.

This appeal was processed using the Virtual VA and VBMS paperless claims processing systems.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the RO sent the Veteran a notice letter in April 2009, that letter did not inform the Veteran of the evidence and information necessary to substantiate a claim on a secondary basis. See Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002) (failure by Board to enforce compliance with VA notice requirements of 38 U.S.C.A. § 5103(a) is remandable error). Thus, the Veteran should be provided proper notice on remand.

In addition, the Board finds that an additional VA examination and medical opinion are needed to address the nature and etiology of any left ankle disorder that may have been represent during the pendency of the appeal. The Veteran filed his claim in 2009. The September 2011 VA examiner assessed the Veteran as having acute Achilles tendonitis in December 2010, which had resolved. The May 2014 VA examiner also stated that there was no chronic left ankle condition. In particular, he noted that a January 2011 MRI revealed only a subtle amount of edema lateral to the Achilles tendon, which is a soft tissue injury. However, the requirement that a current disability be present is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim, even in cases where the disability resolves prior to the Secretary's adjudication of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321-323 (2007). Thus, a remand is needed to clarify whether the Veteran had a left ankle disorder at any time since filing his claim, even if it later resolved.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should also send the Veteran a notice letter in connection with his claims for service connection for a left knee disorder and a left ankle disorder. The letter should (1) inform him of the information and evidence that is necessary to substantiate the claims; (2) inform him about the information and evidence that VA will seek to provide; and, (3) inform him about the information and evidence he is expected to provide. The letter should also explain how disability ratings and effective dates are determined. 

Specifically, the letter should notify the Veteran of the evidence necessary to substantiate the claim on both a direct and secondary basis.

2. The Veteran should be afforded a VA examination to determine the nature and etiology of any left ankle disorder that has been present during the pendency of the appeal. Any studies, tests, and evaluations deemed necessary by the examiner should be performed.

The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, statements, the January 2011 MRI report, and the VA examination reports.

It should be noted that the Veteran is competent to attest to factual matters of which he has first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

In addition, the examiner is advised that, the requirement of a "current disability" is satisfied if a disorder is diagnosed at any time during the pendency of the appeal; service connection may be awarded even though the disability resolves prior to adjudication of the claim. 

The examiner should state whether the Veteran has had a left ankle disorder at any point since filing his claim in 2009. For any diagnosis identified (regardless of whether the condition has since resolved), the examiner should opine as to whether it is at least as likely as not that the disorder is related to the Veteran's military service, to include any injury or symptomatology therein.

The examiner should also state whether whether it is at least as likely as not that the disorder is either caused by or permanently aggravated by the Veteran's service-connected left thigh disability.

(The term "as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of conclusion as it is to find against it.)

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history [,]" 38 C.F.R. § 4.1, copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file, must be made available for review.

3. The AOJ should review the examination report to ensure that it is in compliance with this remand. If the report is deficient in any manner, the AOJ should implement corrective procedures. 

4. After completing the above actions, the AOJ should conduct any other development as may be indicated as a consequence of the actions taken in the preceding paragraphs.

5. When the development has been completed, the case should be reviewed by the AOJ on the basis of additional evidence. If the benefits sought are not granted, the appellant and his representative should be furnished a SSOC and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).