Citation Nr: 1542448 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 13-16 752 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Honolulu, Hawaii



THE ISSUES

1. Entitlement to service connection for residuals of a head injury.

2. Entitlement to service connection for a low back disorder.

3. Entitlement to service connection for a right shoulder disorder.

4. Entitlement to service connection for a right knee disorder.

5. Entitlement to service connection for a left knee disorder



ATTORNEY FOR THE BOARD

T. Carter, Counsel


INTRODUCTION

The Veteran served on active duty from December 1976 to July 1983.

This case comes before the Board of Veterans Appeals (Board) on appeal from a June 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Honolulu, Hawaii.

The Board remanded the case for further development in April 2015. The case has since been returned to the Board for appellate review.

This appeal was processed using Virtual VA and the Veterans Benefits Management System (VBMS). 

The issues of entitlement to service connection for a low back disorder, a right shoulder disorder, a right knee disorder, and a left knee disorder are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).



FINDING OF FACT

The Veteran has not been shown to have a current disability attributable to his in-service complaints of headaches, dizziness, and a laceration to his skull or residuals thereof at any time since he filed his claim or within close proximity thereto.



CONCLUSION OF LAW

Residuals of a head injury were not incurred in active service. 38 U.S.C.A. §§ 1131 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

Upon receipt of a substantially complete application for benefits, VA must notify the claimant of what information or evidence is needed in order to substantiate the claim and it must assist the claimant by making reasonable efforts to get the evidence needed. 38 U.S.C.A. §§ 5103(a), 5103A; 38 C.F.R. § 3.159(b); see Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002). The notice required must be provided to the claimant before the initial unfavorable decision on a claim for VA benefits, and it must (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and, (3) inform the claimant about the information and evidence the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1); Pelegrini v. Principi, 18 Vet. App. 112, 120 (2004). 

Upon receipt of an application for a service connection claim, 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b) require VA to review the information and the evidence presented with the claim and to provide the claimant with notice of what information and evidence not previously provided, if any, will assist in substantiating, or is necessary to substantiate, each of the five elements of the claim, including notice of what is required to establish service connection and that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. See Dingess v. Nicholson, 19 Vet. App. 473 (2006).

In this case, the RO sent a letter to the Veteran in September 2009, prior to initial adjudication of the claim for entitlement to service connection for residuals of a head injury. The letter informed the Veteran of the information and evidence that is necessary to substantiate his claim for service connection and of the division of responsibilities in obtaining such evidence. The letter also explained how disability ratings and effective dates are determined. Therefore, the Board finds that the duty to notify has been met as to the issue decided herein. The Veteran has not alleged, or demonstrated, any prejudice with regard to the content or timing of VA's notice or other development. See Shinseki v. Sanders, 556 U.S. 396 (2009).

The duty to assist the Veteran has also been satisfied. The Veteran's service treatment records, Social Security Administration (SSA) records, and all identified, available, and relevant post-service medical records have been associated with the claims file and were reviewed by both the RO and the Board in connection with the claim for entitlement to service connection for residuals of a head injury. The Veteran has not identified any outstanding medical records relevant to the claim being decided herein.

The Veteran was afforded a VA in May 2013 in connection with the claim for service connection for residuals of a head injury. When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Board finds that the examination and medical opinion are adequate to decide the issue because it is predicated on an examination of the appellant and a review of the claims file and the Veteran's reported medical history. The opinion also sufficiently addresses the central medical issue in this case to allow the Board to make a fully informed determination. Id. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion for this issue has been met. 38 C.F.R. § 3.159(c)(4).

The Board also finds that there was substantial compliance with the April 2015 remand directives. On remand, the AOJ obtained the Veteran's outstanding SSA records and VA treatment records and readjudicated the claim in July 2015.

For these reasons, the Board concludes that VA has fulfilled the duty to assist the Veteran for the issue discussed below. Hence, there is no error or issue that precludes the Board from addressing the merits of this appeal. 


Law and Analysis

Service connection may be established for disability resulting from personal injury suffered or disease contracted in line of duty in the active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131. That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

The term "chronic disease," whether as manifest during service or manifest to a compensable degree within a presumptive window following service, applies only to those disabilities listed in 38 U.S.C.A. § 1101 and 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

In considering the evidence of record under the laws and regulations as set forth above, the Board concludes that the Veteran is not entitled to service connection for residuals of a head injury.

The Veteran's service treatment records document complaints of headaches and dizziness with a diagnosis of a possible tension headache in March 1977 and a laceration on the mid-portion of his skull after being hit by a steel beam in October 1977.

Nevertheless, the Board finds that that the Veteran has not been shown to have a current disability at any time since filing his claim in September 2009 or within close proximity thereto.

The Veteran's VA medical records do not document any diagnosis or treatment for residuals of a head injury. His SSA records are also negative for any complaints, treatment, or diagnosis associated with a head injury.

Moreover, the Veteran was afforded a VA examination in May 2013 during which it was noted that he was hit on the head with a steel pole in service. He required stiches and was placed on light duty for five days. However, it was noted that he did not have any permanent problems or disabilities. The examiner observed that the Veteran joined the police force in 1985 without any complaints until he retired in 2006. There was no visible scar on the top of his heard. Following a physical examination and review of the claims file, the examiner indicated that the Veteran did not have any subjective symptoms or any mental, physical, or neurological conditions or residuals attributable to a traumatic brain injury. There were also no scars or any other pertinent physical findings, complications, conditions, signs, or symptoms. The examiner opined that the claimed condition was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. In particular, she stated that there was not enough clinical evidence to even render a diagnosis.

In a June 2013 addendum, another VA physician noted agreement with the May 2013 VA examiner's opinion that there is no medical evidence to support a claim for a traumatic brain injury.

The Veteran has been advised on multiple occasions that he must identify a current disability that is associated with his active duty service, yet he has not done so. See September 2009 notice letter; June 2010 rating decision, June 2013 statement of the case (SOC), and July 2015 supplemental statement of the case (SSOC). 

The existence of a current disability is the cornerstone of a claim for VA disability compensation. 38 U.S.C.A. § 1110, 1131; see Degmetich v. Brown, 104 F. 3d 1328, 1332 (1997) (holding that interpretation of sections 1110 and 1131 of the statute as requiring the existence of a present disability for VA compensation purposes cannot be considered arbitrary). Evidence must show that the Veteran currently has the disability for which benefits are being claimed.

Based on the foregoing, the evidence does not establish that the Veteran has a current diagnosis in this case. Therefore, the Board finds that the preponderance of the evidence is against the Veteran's claim for service connection for residuals of a head injury. Because the preponderance of the evidence is against the Veteran's claim, the benefit of the doubt provision does not apply. Accordingly, the Board concludes that service connection is not warranted.

ORDER

Service connection for residuals of a head injury is denied.



REMAND

In October 2009, the Veteran submitted a VA Form 21-4142 in which he identified Dr. I.S. and stated "see attached medical report." Attached to that form was an October 2009 letter from Dr. I.S. listing the Veteran's current diagnoses of degenerative joint disease of the back, knees, and shoulders. Additional treatment records from this private physician dated from March 2006 to April 2007 were also associated with his SSA records. Nevertheless, the SSA records indicate that the Veteran reported receiving treatment from this private physician from 1985 to 2006. It does not appear that any attempt has been made to obtain the complete treatment records from Dr. I.S. from 1985 to 2006 and since April 2007. Thus, on remand, the AOJ should attempt to obtain any outstanding medical records that are relevant to these issues.

The Board also notes that the Veteran was afforded a VA examination in October 2011 in connection with his claim for a low back disorder. A medical opinion was also obtained in November 2011. Although the examiner provided a negative nexus opinion, he did not address the Veteran's documented complaint of back pain for two weeks in January 1979 or his in-service duties as a combat engineer, as reported in an October 2009 VA From 21-4138 (Statement in Support of Claim). As a result, the Board finds that an additional VA medical opinion is needed to determine the nature and etiology of any low back disorder that may be present. 

The Board further notes that the Veteran has not been afforded a VA examination in connection with his claims for service connection for a right shoulder disorder, a right knee disorder, and a left knee disorder. As previously noted, the October 2009 private physician noted current diagnoses of degenerative joint disease of the right shoulder, right knee, and left knee. The Veteran also asserted in the October 2009 VA Form 21-4138 that these disorders are related to his MOS duties as a combat engineer, to include heavy lifting. In addition, he reported in October 2009 that he injured his shoulder while playing for the All-Marine volleyball team while stationed in Cherry Point, North Carolina. Therefore, the Board finds that VA examination and medical opinions are needed to determine the nature and etiology of any right shoulder, right knee, and left knee disorder that may be present.


Accordingly, the case is REMANDED for the following actions:


1. The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have provided treatment for his low back, right shoulder, right knee, and left knee. A specific request should be made for all treatment records from Dr. I.S. for the period from 1985 to 2006 and since April 2007 (see October 2009 VA Form 21-4142 for the full name of the physician). After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file. 

Any outstanding, relevant VA medical records should also be obtained and associated with the claims file.

2. After completing the foregoing development, AOJ should refer the Veteran's claims folder to the October 2011 VA examiner, or if he is unavailable, to another suitably qualified VA examiner for a medical opinion as to the nature and etiology of any current low back disorder.

The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and the Veteran's own assertions.

It should be noted that the Veteran is competent to attest to factual matters of which he has first-hand knowledge. If there is a medical basis to support or doubt the history provided by the appellant, the examiner should provide a fully reasoned explanation.

The examiner should opine as to whether it is at least as likely as not that the Veteran's current low back disorder manifested in service or is otherwise causally or etiologically related to service, to include his duties as a combat engineer as reported in an October 2009 VA From 21-4138 and the documented in-service complaint of back pain in January 1979.

(The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of conclusion as it is to find against it.)

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history [,]" 38 C.F.R. § 4.1, copies of all pertinent records in the appellant's claims file, or in the alternative, the claims file, must be made available to the examiner for review. 

4. The Veteran should be afforded a VA examination to determine the nature and etiology of any right shoulder disorder that may be present. 

Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and assertions.

It should be noted that the Veteran is competent to attest to matters of which he has first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the appellant, the examiner should provide a fully reasoned explanation.

The examiner should opine as to whether it is at least as likely as not that Veteran has a current right shoulder disorder that is causally or etiologically related to his military service, to include his duties as a combat engineer as reported in an October 2009 VA From 21-4138 and his reported injury while playing volleyball in service.

(The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of a certain conclusion as it is to find against it.) 

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history [,]" 38 C.F.R. § 4.1, copies of all pertinent records in the appellant's claims file, or in the alternative, the claims file, must be made available to the examiner for review. 

5. The Veteran should be afforded a VA examination to determine the nature and etiology of any right and left knee disorders that may be present. 

Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and assertions.

It should be noted that the Veteran is competent to attest to matters of which he has first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the appellant, the examiner should provide a fully reasoned explanation.

The examiner should opine as to whether it is at least as likely as not that Veteran has a current right shoulder disorder that is causally or etiologically related to his military service, to include his duties as a combat engineer as reported in an October 2009 VA From 21-4138.

(The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of a certain conclusion as it is to find against it.) 

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history [,]" 38 C.F.R. § 4.1, copies of all pertinent records in the appellant's claims file, or in the alternative, the claims file, must be made available to the examiner for review. 

6. After completing the above actions, the AOJ should conduct any other development as may be indicated by a response received as a consequence of the actions taken in the preceding paragraphs.

7. When the development has been completed, the issues on appeal should be reviewed by the AOJ on the basis of additional evidence. If any benefit sought is not granted, the Veteran should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review. 



The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs