Citation Nr: 1602929 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 14-02 953 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to a total disability rating based on individual unemployability, due to service-connected disability (TDIU).


ATTORNEY FOR THE BOARD

Timothy A. Ralls, Associate Counsel


INTRODUCTION

The Veteran had active military service from February 1980 to October 1987. He also had reserve service.

The present matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2012 rating decision of the Department of Veterans' Affairs (VA) Regional Office (RO) in San Juan, the Commonwealth of Puerto Rico.

This matter was previously before the Board in September 2015, at which time the Board denied the issues of service connection for a lumbar spine disability, cervical spine disability, psychiatric disability, right arm disability, and bilateral lower extremities disability. The Board granted the claim of service connection for residuals of muscular tear right scapula of right shoulder, right shoulder impingement syndrome and remanded the issue of entitlement to a TDIU in light of the rating action results for the now service connected right shoulder disability. In a RO rating decision dated October 2015, the Veteran was granted entitlement to service connection for muscular tear right scapula of the right shoulder, effective February 16, 2012, with an evaluation of 20 percent disabling.

The Veteran requested a Board hearing, but later withdrew the request in an August 2014 statement.


FINDING OF FACT

The Veteran's service-connected disability does not preclude substantially gainful employment.


CONCLUSION OF LAW

The criteria for a TDIU have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.25 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006).

Appropriate notice was provided in September 2012 prior to the initial decision in this matter and on October 3, 2015 when a Supplemental Statement of the Case (SSOC) was issued. Receipt of the SSOC was acknowledged by the Veteran when he submitted his request for expedited processing by the Board on October 20, 2015 

The duty to assist has also been met and appellate review may proceed without prejudice to the appellant. See Bernard v. Brown, 4 Vet. App. 384 (1993). VA has obtained the Veteran's service treatment records and VA medical records identified by the appellant as relevant to the appeal. The Veteran was afforded a VA medical examination in October 2012.

Significantly, the appellant has not identified and the record does not otherwise indicate, any additional existing evidence that is necessary for a fair adjudication of the claim that has not been obtained. Hence, no further notice or assistance to the appellant is required to fulfill VA's duty to assist the appellant in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002).

II. TDIU

In order to establish entitlement to TDIU due to service-connected disabilities, there must be impairment so severe that it is impossible for the average person to secure and follow a substantially gainful occupation. See 38 U.S.C.A. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16. VA defined substantially gainful employment as "employment at which non-disabled individuals earn their livelihood with earnings comparable to the particular occupation in the community where the Veteran resides." See M21-1, Part IV, Subpart ii, Chapter 2(F)(1)(c) (Dec. 03, 2015). In reaching such a determination, the central inquiry is "whether the Veteran's service connected disabilities alone are of sufficient severity to produce unemployability." Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). Consideration may be given to the Veteran's level of education, special training, and previous work experience when arriving at this conclusion, but factors such as age or impairment caused by non-service-connected disabilities are not to be considered. 38 C.F.R. §§ 3.341, 4.16, 4.19; Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993).

Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). 

It is VA policy, however, to grant TDIU in all cases where a Veteran is unable to work due to service-connected disability. Rating boards are required to submit to the Director, Compensation and Pension Service (Director), for extraschedular consideration, all cases of Veterans who are unemployable by reason of service-connected disability(ies), but who fail to meet the percentage standards set forth in 38 C.F.R. § 4.16(a). 38 C.F.R. § 4.16(b). 

Where a claimant does not meet the schedular requirements of 38 C.F.R. § 4.16(a), the Board has no authority to assign a total disability evaluation based on individual unemployability under 38 C.F.R. § 4.16(b). The Board may, however, refer the claim to the Director for extraschedular consideration. The governing norm for the Board in making the determination is whether there is a plausible basis for concluding that the Veteran is unable to secure and follow a gainful occupation. Bowling v. Principi, 15 Vet. App. 1 (2001).

The Veteran is in receipt of service connected benefits for a muscular tear right scapula of the right shoulder, evaluated as 20 percent disabling, for the period on appeal. However, the Veteran does not meet the schedular criteria for an award of a TDIU.

Reviewing the claims file, the preponderance of the evidence is against a finding that the Veteran is unable to secure and follow a substantially gainful occupation.

A VA mental health note, dated September 2005, noted that the Veteran was unemployed and had a history of interpersonal problems with peers. 

On the Veteran's application for increased compensation based on unemployability, dated September 2012, the Veteran noted that he was a commercial driver and that he last worked in January 2005. 

A VA shoulder and arm examination, dated October 2012, noted that the Veteran's right shoulder disability impacted his ability to work. The examiner noted:

Based on conditions evaluated today and based on history, findings at physical examination and radiological studies results, Veteran is able to obtain and maintain a job requiring semisedentary duty work with several restrictions. 

Restrictions such as not to be in prolonged standing position, not prolonged walking or climbing stairs, not repetitive bending of the spine, no pulling, pushing, not heavy lifting (no more than 20 pounds). Also i[t] is recommended an ergonomic evaluation and several breaks during the day to stand up.

A VA psychiatric progress note, dated October 2012, stated that the Veteran described himself as having great emotional problems that have not allowed him to work for the past six years. 

In his application for advancement on the docket, dated May 2015, the Veteran noted that he was unable to work due to the severity of his medical conditions. 

Although the VA medical examination revealed that the Veteran's right shoulder disability impacted his ability to work, it did not reveal that the Veteran was unemployable due to his right shoulder disability. The examiner opined that the Veteran was able to maintain a semi sedentary job with several restrictions. Additionally, the Veteran has failed to describe how his right shoulder disability impacts his ability to work. The VA medical records reflect that the Veteran may have employability issues related to non-service connected disabilities, however, the Veteran's current service connected muscular tear right scapula of the right shoulder does not prevent him from gainful employment.

As the preponderance of the evidence is against a finding that the Veteran's service-connected disabilities render the Veteran unemployable the Board finds it unnecessary to refer this claim to the Director for extraschedular consideration.

The Board acknowledges that the Veteran has problems with his service-connected muscular tear right scapula of the right shoulder disability, but these factors are reflected in the current rating. Van Hoose v. Brown, 4 Vet. App. 361 (1993). While his service-connected disability may cause some economic inadaptability, this also is taken into account in the assigned evaluation. In this case, there is no showing of total individual unemployability based solely on his service-connected disability. Thus, as the preponderance of the evidence is against a finding that the Veteran is unemployable, entitlement to a TDIU is denied.


ORDER

Entitlement to a TDIU is denied.



____________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs