Citation Nr: 1602939 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 06-32 166 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

M.H. Stubbs, Counsel



INTRODUCTION

The Veteran served on active duty from January 1991 to January 1998. 

The matter is before the Board of Veterans' Appeals (Board) on appeal from a February 2005 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona.

In an April 2013 rating decision, the RO granted service connection for degenerative joint disease, thoracolumbar spine, with left L5 radiculopathy (previously rated as muscle spasm and/or injury, thoracic spine, and lower back pain; injury; ruptured intervertebral disc L4-5 or L5-S1), and right ankle degenerative joint disease (previously rated as right ankle strain). As such, the issues of entitlement to service connection for these conditions are no longer before the Board.

This claim was previously before the Board in June 2014, and was remanded for a Board hearing.

In May 2015, the Veteran appeared and testified at a Board hearing before the undersigned Veterans Law Judge (VLJ). A transcript is contained in the virtual record.

The Veteran's record includes paper claims records and virtual records in VBMS and Virtual VA. All records were reviewed in conjunction with this decision.

The issues of entitlement to service connection for a psychiatric disorder and for radiculopathy have been raised by the record in a May 2013 statement, but have not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015).



FINDINGS OF FACT

The VA concedes that the Veteran was exposed to hazardous noise levels in service; however, he does not have bilateral hearing loss disability for VA purposes.


CONCLUSION OF LAW

The Veteran does not currently have bilateral hearing loss for VA benefits purposes. 38 U.S.C.A. §§ 1110, 1116, 1131, 5107 (West 2002 & Supp. 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.385 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

With respect to the Veteran's claims, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326.

Under the Veterans Claims Assistance Act of 2000 (VCAA), when VA receives a complete or substantially complete application for benefits, it is required to notify the Veteran and his or her representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. See 38 U.S.C.A. § 5103(a) ; 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). In Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II), the United States Court of Appeals for Veterans Claims (Court) held that VA must inform the Veteran of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; (3) that the Veteran is expected to provide; and (4) request that the Veteran provide any evidence in his or her possession that pertains to the claim. The requirement of requesting that the Veteran provide any evidence in his or her possession that pertains to the claim was eliminated by the Secretary during the course of this appeal. See 73 Fed. Reg. 23353 (final rule eliminating fourth element notice as required under Pelegrini II, effective May 30, 2008). Thus, any error related to this element is harmless.

There is no issue as to providing an appropriate application form or completeness of the application. VA notified the Veteran in correspondence dated April 2004 of the information and evidence needed to substantiate and complete his claim. Information regarding how VA assigns disability evaluations and effective dates was provided in March 2006. 

VA has fulfilled its duty to assist the Veteran in obtaining identified and available evidence needed to substantiate a claim, and as warranted by law, affording a VA examination. He was provided the opportunity to present pertinent evidence and testimony (regarding his hearing loss claim). The Veteran has reported that he has had private audio testing done through his employment. He asked during his hearing that the record be held open for 60 days so he could submit this evidence. The record does not show that any private audio tests were submitted. The Veteran has not provided any medical releases so that the VA can attempt to obtain these records. Service treatment records and post-service VA treatment records have been associated with the claims file or Virtual VA/VBMS. All identified and available treatment records have been secured. The Board finds that VA has fulfilled its duty to assist in obtaining such records.

The duty to assist also includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on the claim, as defined by law. 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4). In this case, the Veteran was provided a VA examinations in 2004 to determine the nature, severity, and etiology of the Veteran's hearing loss disability. The examination reports reflect that the examiners interviewed and examined the Veteran, reviewed his claims file and past medical history, documented his current medical conditions, and rendered appropriate diagnoses consistent with the remainder of the evidence of record Given that the testing did not reveal bilateral hearing loss disability which met VA's standards, the examination report was adequate for evaluation purposes. See 38 C.F.R. § 4.2 ; see also Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) [holding that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate]. 

The Court has held that the provisions of 38 C.F.R. § 3.103(c)(2) impose two distinct duties on VA employees, including Board personnel, in conducting hearings: The duty to explain fully the issues and the duty to suggest the submission of evidence that may have been overlooked. Bryant v. Shinseki, 23 Vet. App. 488 (2010) (per curiam); See also 77 Fed. Reg. 23128 -01 (April 18, 2012).

At the May 2015 hearing, the undersigned identified the issue on appeal. The Veteran provided testimony as to all treatment received for this disability. The representative elicited information about the functional impact of the Veteran's hearing loss, and the record was held open so that additional records could be obtained. The Veteran's representative noted the Veteran's claim had been denied because he did not meet VA's criteria for hearing loss disability, and the undersigned noted that the Veteran should submit evidence of other hearing tests that may show that he meets the criteria. The Veteran described his worsening hearing. The duties imposed by Bryant were thereby met.

Accordingly, the Board is satisfied that the duty-to-assist requirements under 38 U.S.C.A. § 5103A and 38 C.F.R. § 3.159(c) have been satisfied.

Service Connection

In general, service connection may be granted for disability or injury incurred in or aggravated by active military service. See 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. In order to establish service connection for the claimed disorder, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999).

Disorders diagnosed after discharge may still be service connected if all the evidence, including pertinent service records, establishes the disorder was incurred in service. 38 C.F.R. § 3.303(d); Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994). 

Service connection may also be granted for "other organic disease of the nervous system" (hearing loss) when manifested to a compensable degree within one year of separation from service. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309.

Hearing loss will be considered to be a disability when the auditory threshold in any of the frequencies is 500, 1000, 2000, 3000 or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 2000, 3000 or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The requirements for service connection for hearing loss as defined in 38 C.F.R. § 3.385 need not be shown by the results of audiometric testing during a claimant's period of active military service in order for service connection to be granted. The regulation does not necessarily preclude service connection for hearing loss that first met the regulation's requirements after service. Hensley v. Brown, 5 Vet. App. 155 (1993). 

The Veteran argues that he was exposed to hazardous noise levels during his service in tactical aircraft maintenance, which included exposure to flight line noise from jet and propeller aircraft, shop equipment, ground equipment and various other machinery and equipment. The VA concedes that the Veteran had exposure to hazardous noise levels in service. The Veteran is currently service connected for bilateral tinnitus.

The Veteran was afforded a VA audio examination in September 2004. The Veteran reported that he had "never been identified with hearing loss." He reported childhood ear infections, and he reported bilateral tinnitus which began in service. He provided a history of hazardous noise exposure in service, including work on the flight line and working in "Transit Alert." He reported he wore hearing protection in service. At the time of the examination, the Veteran did not use hearing aids and he continued to work in the aircraft industry with corporate aircraft, "mainly in hangars." He stated that his civilian work with aircraft was not "nearly as loud as his military exposure and he continued to wear ear protection." Pure tone testing results did not reveal auditory thresholds for at least three of the frequencies 500, 1000, 2000, 2000, 3000 or 4000 Hertz as 26 decibels or greater. In fact, he did not have any thresholds higher than 15 decibels. Additionally, his speech recognition scores, using the Maryland CNC list, were 96 percent bilaterally. As such, the testing did not reveal bilateral hearing loss disability for VA purposes. See 38 C.F.R. § 3.385. The examiner noted that the audiological findings revealed "normal hearing acuity, bilaterally." And that his "word recognition abilities were excellent." The examiner did not provide a nexus statement regarding the Veteran's claim for bilateral hearing loss because hearing loss was not diagnosed.

The paper claims file, Virtual VA and VBMS do not contain VA or private treatment records which include a diagnosis of hearing loss or any additional audio testing. During an October 2006 RO hearing, the Veteran testified that he was not seeing a doctor for his reported hearing loss. He stated that his employer used to perform yearly hearing evaluations, but that they had "down-sized" and "no longer have the nursing station." The Veteran indicated that he had not had a hearing test through his employer since around the time of the VA examination. 

During his May 2015 Board hearing, the Veteran reported that his hearing has declined since service. He also reported that although he has not sought any treatment for his hearing loss/ears, his employment included audio testing. He did not state during the hearing when his last hearing test was provided through his employer. The undersigned VLJ informed the Veteran that he needed evidence of a current hearing loss disability. The Veteran requested that his record be left open for 60 days so that he could obtain the private treatment records of his work-related audio testing. 

The record was held open for 60 days; however, it does not appear any additional evidence was received. The Veteran and his representative have not provided any private treatment or audio test results and have not provided the VA with releases to obtain any private records. The Board notes that the duty to assist the Veteran in the development of evidence pertinent to his claim is not a "one-way street." Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). If a veteran wishes help, he cannot passively wait for it in circumstances where he may or should have evidence that is essential in obtaining the putative evidence. See, Id. 

Here, the Veteran was exposed to hazardous noise in service and is service-connected for bilateral tinnitus. The Veteran has also credibly testified that he has had a change in his hearing over the years. However, the medical evidence of record currently does not demonstrate that the Veteran has a hearing loss disability for VA purposes, and indeed, was found to have "normal" hearing during his 2004 VA examination. The Veteran has not provided any evidence of hearing loss, and has not provided the RO with releases which would allow the VA to assist in obtaining private audio test results. 

Without evidence of a current disability, the Board must deny the claim of entitlement to service connection for bilateral hearing loss. Without a disability, there can be no entitlement to compensation. See Degmetich v. Brown, 104 F.3d 1328 (1997); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). There is no doubt to resolve. See 38 U.S.C.A. § 5107(b); Gilbert supra, 55-57 (1991).


ORDER

Entitlement to service connection for bilateral hearing loss is denied.




____________________________________________
C. TRUEBA
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs