Citation Nr: 1829722 
Decision Date: 07/17/18 Archive Date: 07/24/18

DOCKET NO. 13-06 837 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUE

Entitlement to a compensable rating prior to March 14, 2013, in excess of 40 percent disabling prior to January 13, 2016, and in excess of 50 percent disabling thereafter for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

R.A. Elliott II, Associate Counsel


INTRODUCTION

The Veteran served on active duty from May 1973 to November 1974. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in New Orleans, Louisiana. 

The Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge in January 2016. A transcript of those proceedings is of record.

In May 2016, the Board remanded the Veteran's claim for further development. The agency of original jurisdiction (AOJ) substantially complied with the May 2016 remand directives, and no further development is necessary. See Stegall v. West, 11 Vet. App. 268, 271 (1998).


FINDINGS OF FACT

1. Prior to March 14, 2013, audiometric testing has revealed no worse than Level II hearing acuity in the Veteran's left ear and Level II in his right ear.

2. From March 14, 2013 to January 12, 2016, audiometric testing has revealed no worse than Level VII hearing acuity in the Veteran's left ear and Level VII in his right ear.

3. Following January 12, 2016, audiometric testing has revealed no worse than Level VIII hearing acuity in the Veteran's left ear and Level IX in his right ear.





CONCLUSION OF LAW

The criteria for a compensable rating prior to March 14, 2013, in excess of 40 percent disabling prior to January 13, 2016, and in excess of 50 percent disabling thereafter for bilateral hearing loss have not been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107 (West 2012); 38 C.F.R. §§ 3.102, 3.159, 4.1, 4.3, 4.7, 4.85, 4.86, Diagnostic Code (DC) 6100 (2017)


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duty to Notify and Assist

In a letter dated November 2010, VA notified the Veteran of the evidence required to substantiate his claim. The Veteran was informed of the evidence VA would attempt to obtain and of the evidence that the Veteran was responsible for providing. See Veterans Claims Assistance Act of 2000 (VCAA), 38 U.S.C. § 5103, 5103A; see also Quartuccio v. Principi, 16 Vet. App. 183 (2002); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

The Veteran's representative has asserted, in an April 2017 Appellant brief, that the December 2010 and June 2016 VA audiological examinations were inadequate. Specifically, the full description of the effects of disability upon the Veteran's ordinary activity were not appropriately provided. The Board recognizes these assertions and addresses them below.

II. Increased Rating

Disability evaluations are determined by evaluating the extent to which a Veteran's service-connected disability adversely affects his ability to function under the ordinary conditions of daily life, including employment, by comparing his symptomatology with the criteria set forth in the Schedule for Rating Disabilities (Rating Schedule). 38 U.S.C.A. § 1155; 38 C.F.R. §§ 4.1, 4.2, 4.10.
Where the evidence contains factual findings that demonstrate distinct time periods in which the service-connected disability exhibits symptoms that would warrant different evaluations during the course of the appeal, the assignment of staged ratings is appropriate. See Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

If there is a question as to which of two evaluations should apply, the higher rating is assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is assigned. 38 C.F.R. § 4.7.

The Veteran contends that his bilateral hearing loss should be rated higher as his hearing loss has worsened. See January 2016 Hearing Testimony. 

The Veteran's service-connected bilateral hearing loss is currently rated under DC 6100.

Ratings of hearing loss range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of speech discrimination tests combined with the average hearing threshold levels as measured by pure tone audiometry tests in the frequencies 1000, 2000, 3000, and 4000 cycles per second. To rate the degree of disability for service-connected hearing loss, the Rating Schedule has established eleven auditory acuity levels, designated from level I, for essentially normal acuity, through level XI, for profound deafness. 38 C.F.R. § 4.85 (h), Table VI. In order to establish entitlement to a compensable rating for hearing loss, it must be shown that certain minimum levels of the combination of the percentage of speech discrimination loss and average pure tone decibel loss are met. The assignment of disability ratings for hearing impairment is derived by a mechanical application of the Rating Schedule to the numeric designations assigned after audiometric evaluations are rendered. Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). 

The criteria for rating hearing impairment use controlled speech discrimination tests (Maryland CNC) together with the results of pure tone audiometry tests. These results are then charted on Table VI, Table VIa, in exceptional cases as described in 38 C.F.R. § 4.86, and Table VII, as set out in the Rating Schedule. 38 C.F.R. § 4.85.

Table VIa will be used when the examiner certifies that the use of speech discrimination test is not appropriate because of language difficulties, inconsistent speech discrimination scores, etc., or when indicated under the provisions of 38 C.F.R. § 4.86. Under 38 C.F.R. § 4.86, an exceptional pattern of hearing loss occurs when the pure tone threshold at 1000, 2000, 3000, and 4000 Hertz is 55 decibels or more, or when the pure tone threshold is 30 decibels or less at 1000 Hertz and 70 decibels or more at 2000 Hertz.

The Veteran attended a VA audiological examination in December 2010 which revealed the following puretone thresholds, in decibels, as follows:




HERTZ



1000
2000
3000
4000
AVERAGE
RIGHT
45
60
65
65
59









HERTZ



1000
2000
3000
4000
AVERAGE
LEFT
50
60
60
60
58







Maryland CNC Test revealed speech recognition ability of 92 percent in both ears. Based on Table VI the Veteran's audiometric test results equate to Level II hearing in the right ear and Level II hearing in the left, to combine for a non-compensable rating. 38 C.F.R. § 4.85. 

The Veteran attended a VA audiological examination in March 2013 which revealed the following puretone thresholds, in decibels, as follows:







HERTZ



1000
2000
3000
4000
AVERAGE
RIGHT
75
75
85
85
80









HERTZ



1000
2000
3000
4000
AVERAGE
LEFT
75
75
80
85
79







Maryland CNC Test revealed speech recognition ability of 84 percent in the right ear and 88 percent in the left ear. Based on Table VIa (for exceptional patterns of hearing loss), the Veteran's audiometric test results equate to Level VII hearing in the right ear and Level VII hearing in the left, to combine for a 40 percent disabling rating. 38 C.F.R. § 4.86. 

The Veteran attended a VA audiological examination in June 2016 which revealed the following puretone thresholds, in decibels, as follows:




HERTZ



1000
2000
3000
4000
AVERAGE
RIGHT
90
90
95
90
91









HERTZ



1000
2000
3000
4000
AVERAGE
LEFT
80
90
85
90
86







Maryland CNC Test revealed speech recognition ability of 72 percent in the right ear and 76 percent in the left ear. Based on Table VIa the Veteran's audiometric test results equate to Level IX hearing in the right ear and Level VIII hearing in the left, to combine for a 50 percent disabling rating. 38 C.F.R. § 4.86. 

Numerous VA treatment records indicate the Veteran's continued complaints of hearing loss, including request for hearing aids.

Based on the available evidence of record, including valid audiometric findings, the Board finds that prior to March 14, 2013, the Veteran's hearing manifested as noncompensable and no more. The only objective evidence of record found valid for rating purposes indicates a hearing level that manifests as noncompensable. See Lendenmann, supra (assignment of disability ratings for hearing impairment are derived by the mechanical application of the rating schedule to the numeric designations assigned after audiometric evaluations are rendered). This is not to say that it had no effects on him, but rather, that it had not yet reached the severity of a compensable disability at that time. 

Further, based on the available evidence of record, the Board finds that from March 14, 2013 to January 12, 2016, the Veteran's hearing manifested as 40 percent disabling and no more. In pertinent part, the March 2013 examination and its objective findings indicate a hearing loss of 40 percent disabling. Further, the Board notes that there is no other objective evidence of record for this appeal period that indicates hearing loss in excess of 40 percent. Id.

In addition, based on the available evidence of record, the Board finds that following January 12, 2016, the Veteran's hearing manifested as 50 percent disabling and no more. In pertinent part, the June 2016 examination and its objective findings indicate a hearing loss of 50 percent disabling. Further, the Board notes that there is no other objective evidence of record for this appeal period that indicates hearing loss in excess of 50 percent. Id.

Finally, with regard to the Veteran's representative's contention that the December 2010 and June 2016 VA audiological examinations were inadequate because the full description of the effects of disability upon the Veteran's ordinary activity were not appropriately provided, the Board finds that the evidence of record illustrates several instances where the Veteran has described the effects of his hearing loss. Indeed, in an October 2012 Statement in Support of Claim, the Veteran noted that his hearing has gotten worse with hearing aids, and in his January 2016 Board hearing, the Veteran testified that he "can't hear things that are going on around [him]". The Veteran's descriptions of his hearing loss were of record at the time of his latest examination and the Board finds it unnecessary to schedule an additional examination in order for the Veteran to repeat these contentions to the examiner.

To the extent that the representative may be raising entitlement to an extraschedular rating, the regulations that designate decibel loss and speech discrimination for each level of hearing impairment in Tables VI and VIa were chosen in relation to clinical findings of the impairment experienced by veterans with certain degrees and types of hearing disability. In support of this finding, the Board points to the regulatory history of 38 C.F.R. §§ 4.85 and 4.86. In this regard, the rating criteria for hearing loss were last revised, effective June 10, 1999. See 64 Fed. Reg. 25206 (May 11, 1999). In forming these revisions, VA sought the assistance of the Veteran's Health Administration (VHA) in developing criteria that contemplated situations in which a veteran's hearing loss was of such a type that speech discrimination tests may not reflect the severity of communicative functioning these veterans experienced or that was otherwise an extreme handicap in the presence of any environmental noise, even with the use of hearing aids. VHA had found through clinical studies of veterans with hearing loss that when certain patterns of impairment are present, a speech discrimination test conducted in a quiet room with amplification of the sounds does not always reflect the extent of impairment experienced in the ordinary environment. Accordingly, a different table of decibel threshold requirements was established (i.e., Table VIA), with the intended effect being to fairly and accurately assess the hearing disabilities of veterans as reflected in a real life industrial setting. 59 Fed. Reg. 17295 (April 12, 1994). Those certain patterns of impairment are specifically laid out in the schedule, and this Veteran's hearing thresholds do not qualify. Accordingly, the Board finds that functional impairment due to hearing loss that is compounded by background or environmental noise, including the Veteran's contention that his hearing is worse even with hearing aids, is a disability picture that is considered in the current schedular rating criteria. Thus, the Board finds that the schedular rating criteria adequately contemplate the Veteran's symptomatology, and that a remand to the RO for referral of this issue to the VA Central Office for consideration of an extraschedular evaluation is not warranted.

In reaching these decisions, the Board has considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to a compensable rating prior to March 14, 2013, in excess of 40 percent disabling prior to January 13, 2016, and in excess of 50 percent disabling thereafter for bilateral hearing loss is denied.





____________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs